JOSHUA DAVID HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
KARLA GEBEL PERRIN, WASHINGTON STATE BAR NO. 53157
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION
CASSANDRA BARNUM, MASSACHUSETTS STATE BAR NO. 678750
SENIOR TRIAL ATTORNEY
150 M ST. NE
WASHINGTON, DC 20002
TELEPHONE: (202) 305-0333

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CUSTOM AUTO OF REXBURG, LLC, d/b/a GORILLA DIESEL PERFORMANCE,<br><br>Defendant. | Case No.<br><br>**RULE 11 PLEA AGREEMENT** |

## I. GUILTY PLEA

**A. Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count Two of the Information, which charges the Defendant with violating of 42 U.S.C. § 7413(c)(2)(C) – tampering with a monitoring device or method required by the Clean Air Act ("Count Two").

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government agrees not to initiate any further criminal charges against the Defendant arising from the investigation in this case, and to recommend a sentence consistent with the terms of this agreement.

**B. Oath.** The Defendant's authorized corporate representative will be placed under oath at the plea hearing. The Government may use any statement that the Defendant's authorized corporate representative makes under oath against the Defendant in a prosecution for perjury or false statement.

**C. Waiver of Indictment.** The Defendant hereby waives the right to prosecution by indictment, pursuant to Federal Rule of Criminal Procedure 7(b), and agrees to plead guilty to Count Two of the Information as detailed herein.

---

1 The word "Government" in this agreement refers to the United States Attorney's Office for the District of Idaho and the Environmental Crimes Section of the Environment and Natural Resources Division of the Department of Justice.

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

**A. Elements of the Crime.** With respect to Count Two, Tampering with a Monitoring Device or Method Required by the Clean Air Act, the elements are:

- First, the defendant was a person[2];
- Second, the defendant tampered with or rendered inaccurate a monitoring device or method;
- Third, the monitoring device or method was required under the Clean Air Act; and
- Fourth, the defendant acted knowingly.

**B. Factual Basis.** The Defendant admits the following facts are true: From 2016 to 2020, the Defendant, CUSTOM AUTO OF REXBURG, d/b/a GORILLA DIESEL PERFORMANCE ("GORILLA PERFORMANCE") provided services to diesel truck owners at an auto repair shop in Rexburg, Idaho. At times, employees at GORILLA PERFORMANCE

[2] "Person" is defined to include organizations, which act through their agents.

installed devices on diesel trucks that tampered with and rendered inaccurate the trucks' monitoring devices required under the Clean Air Act.

Under normal operating conditions, an on-board diagnostic system (OBD)[3] will detect any removal and/or malfunction of a diesel truck's emissions control equipment. Diesel exhaust contains a variety of air pollutants, such as particulate matter, nitrogen oxides, carbon monoxide, and non-methane hydrocarbons, as well as other hazardous air pollutants, and factory-standard emissions control equipment dramatically reduces these emissions. When it detects the removal and/or malfunction of emissions control equipment, a vehicle's OBD will record a diagnostic trouble code, and the malfunction indicator light, also known as the "check engine light," will illuminate on the dashboard of the vehicle. Under certain circumstances, if the malfunction is not remedied, the vehicle will be forced into "limp mode," where the maximum speed is limited to five miles per hour, incentivizing the vehicle owner to repair the issue.

The Defendant, GORILLA PERFORMANCE, through its owner, BARRY PIERCE ("PIERCE"), and its agents and employees, at times removed or "deleted" emissions control equipment from customers' diesel vehicles, and then modified or "tuned" the vehicles' OBDs so that they could no longer detect the removal of the control equipment and would not activate "limp mode."

In one such instance on or about October 8, 2020, as charged in Count Two, employees at GORILLA PERFORMANCE removed required emissions control equipment from a 2018 Ford F350 truck with VIN 1FT8W3BT1JED05148, then tuned the truck's OBD such that it could not detect the removal.

By tuning the OBD on this and other vehicles, GORILLA PERFORMANCE tampered with and rendered inaccurate the vehicles' monitoring devices so that the modified vehicles could

---

3 The OBD is a monitoring device that is required under the Clean Air Act.

continue to function despite the removal or deletion of emissions control equipment. These activities were done in violation of the Clean Air Act, Title 42 United States Code, Section 7413(c)(2)(C).

GORILLA PERFORMANCE employees tuned and deleted approximately zero to five trucks per month at the Rexburg facility between 2016 and 2020. Depending on the type of tune, tune platform, and replacement equipment installed, GORILLA PERFORMANCE charged customers approximately $2,500 for parts and labor to remove emissions control equipment and tamper with the OBD.

## IV. SENTENCING FACTORS

**A. Penalties.** The penalties for the crime of Tampering With A Monitoring Device or Method Required by the Clean Air Act, as charged in Count Two, are as follows:

1. a term of probation of no less than one but no more than five years;
2. a maximum fine of $500,000 or twice the gross gain or loss; and
3. a special assessment of $400.

**B. Fines and Costs.** The Court may impose a fine. The parties jointly agree to recommend a fine amount of $1,000,000, for which GORILLA PERFORMANCE, PIERCE, and GDP TUNING, LLC will be jointly and severally liable. Such fine must be paid by the end of the probationary period. The Court may also order the Defendant to pay the costs of probation.

**C. Special Assessment.** The Defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to:

The United States District Court, Clerk's Office
Federal Building and United States Courthouse
550 West Fort Street, Fourth Floor
Boise, Idaho 83724

**D.** **Restitution.** The parties are not aware of any identifiable restitution owed for the offense of conviction. The Court ultimately will have sole discretion to determine if the defendant has liability for any restitution.

**E.** **Probation**. The parties agree to jointly recommend a five-year term of probation.

## V. UNITED STATES SENTENCING GUIDELINES

**A.** **Application of Sentencing Guidelines.** The Government and the Defendant agree that the provisions of Chapter 8 of the United States Sentencing Guidelines ("U.S.S.G."), which pertain to fines imposed on organizational defendants, such as the Defendant, do not apply to environmental offenses, including Clean Air Act violations. *See* 18 U.S.C. §§ 3553 and 3572; U.S.S.G. §§ 8C2.1 and 8C2.10. The Government and the Defendant further agree that the remaining provisions of Chapter 8 of the Sentencing Guidelines apply to the Defendant. The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The Court is not a party to this agreement and the agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth herein.

**B.** **Sentencing Guidelines Recommendations and Requests.**

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

## VI. ENVIRONMENTAL COMPLIANCE

The Government and the Defendant agree that the terms of probation shall include the following special conditions, in addition to the Court's standard conditions:

A. **No Further Violations.** The Defendant will commit no further violations of the Clean Air Act, or other federal, state, or local law, and shall conduct all of its operations in accordance with EPA regulations and with other federal, state and local environmental regulations.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. **Waiver.** In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

B. **Exceptions:**

1. **Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

a. the sentence imposed by the Court exceeds the statutory maximum;

b. the Court arrived at an advisory U.S.S.G. range by applying an upward departure under chapter 5K of the U.S.S.G.; or

c. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory U.S.S.G. range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide corporate financial information and any other information requested by a representative of the United States Probation office for use in preparing a pre-sentence investigation report, and agrees that the United States Probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the

Government. The Defendant agrees truthfully to complete corporate financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

The Defendant authorizes the Government: (a) to inspect and copy all financial documents and information held by the United States Probation office; and (b) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets outside the normal course of business without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## X. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XI. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of

the agreement warrants further prosecution, the Government may choose between letting the conviction under this agreement stand or vacating such conviction so that charge may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea made pursuant to this agreement.

**B. Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

## XII. CIVIL LIABILITY

By entering into this agreement, the Government does not compromise any civil liability the Defendant may have incurred or may incur as a result of the Defendant's conduct and plea of guilty to the charge in the Information or otherwise extend to individual persons not a party or signatory to this agreement.

## XIII. MISCELLANEOUS

**A. No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate Governmental entities other than that specified as the Government in this

agreement (i.e., the United States Attorney's Office for the District of Idaho and the Environmental Crimes Section of the Environment and Natural Resources Division of the Department of Justice).

**B. Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than June 7, 2023.

**C. Agreement Contingent on Entry of Associated Agreements.** This plea offer is explicitly conditioned on BARRY PIERCE and GDP TUNING, LLC entering into the agreements being offered to those parties contemporaneously with this agreement.

## XIV. CORPORATE APPROVAL

**A. Corporate Authorization.** The Defendant agrees that it is authorized to enter into this agreement. At the time of signing by the Defendant's corporate representative below, the Defendant shall provide the Government with a written statement in the form of a corporate resolution certifying that it is authorized to enter into and comply with all of the terms of this agreement. The corporate resolution shall certify that the undersigned corporate representative is authorized to sign this agreement and to obligate the corporation and affirm that all corporate formalities have been observed.

**B. Application of the Agreement.** This agreement shall bind the Defendant and its successors and assigns and parent companies. The Defendant and its successors-in-interest, if applicable, shall provide the Government and the United States Probation Office with immediate notice of any name change, corporate reorganization, issuance, termination, or revocation of permits, or similar action affecting this agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, termination or revocation of permits, or similar action shall alter the responsibilities of the

defendant under this agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

## XV. UNITED STATES' APPROVAL

We have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. We agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY

6/22/23
Date

TODD KIM
ASSISTANT ATTORNEY GENERAL
By:

CASSANDRA BARNUM
Senior Trial Attorney

6/22/23
Date

## XVI. ACCEPTANCE BY DEFENDANT AND COUNSEL

On behalf of the Defendant, GORILLA PERFORMANCE, I am authorized to sign this plea agreement and to bind GORILLA PERFORMANCE. I have received this plea agreement from counsel for GORILLA PERFORMANCE, Wendy Olson. I have read it and discussed with

counsel all of its provisions, including those addressing the charge, sentencing, conditions of probation, and waiver, as well as the implications of agreeing to the disposition set forth in the agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. I understand the plea agreement fully. On behalf of and with the express authorization of GORILLA PERFORMANCE, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. GORILLA PERFORMANCE understands that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. GORILLA PERFORMANCE wants to plead guilty pursuant to this plea agreement.

BARRY PIERCE
As Authorized Corporate
Representative for CUSTOM AUTO OF REXBURG,
d/b/a GORILLA DIESEL PERFORMANCE

6-7-23
Date

I have read this agreement and have discussed the contents of the agreement with the authorized corporate representative of GORILLA PERFORMANCE. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. My client, GORILLA

PERFORMANCE, understands this plea agreement fully and wants to plead guilty. I concur in my client's decision to plead guilty as set forth above.

06/07/2023

WENDY OLSON
Attorney for the Defendant

Date